Greenfield v. Magidson, 161 Ill. App. 403.

Samuel Greenfield, Defendant in Error, v. Joseph B. Magidson et al., Plaintiffs in Error.

Gen. No. 15,622.

MUNICIPAL COURT—*when judgment reversed and final judgment entered in Appellate Court.* If there is no evidence to support the judgment against the defendant in the action, the Appellate Court will, in a proper case, not only reverse the judgment but enter final judgment with costs in favor of the defendant.

Error to the Municipal Court of Chicago; the Hon. JOHN H. GILLAN, Judge, presiding. Heard in this court at the October term, 1909. Reversed and judgment here. Opinion filed May 4, 1911.

PINES & NEWMANN, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment which this writ of error is brought to reverse is for $65 and costs. It was entered by the Municipal Court of Chicago against Joseph Magidson, Israel Magidson and Abraham D. Magidson, doing business as Magidson Bros., in favor of Samuel Greenfield. The suit in the Municipal Court was based on the alleged wrongful removal of a sign from the plaintiff Greenfield's premises, and the damages allowed by the judgment measured the estimated injury to the plaintiff's personal property and building caused by such wrongful removal and the negligent manner in which it was effected.

We will not discuss the damages nor the rightfulness of the removal. It is quite sufficient to say there is not in the record presented to us any competent evidence that the defendants (who are the plaintiffs in error here) had any thing to do with the said removal. That a witness swore that the men who made the re-

moval said they were sent by Magidson Bros. and produced a paper on which was printed Magidson Bros'. firm name and business, was not such evidence. The only evidence on the subject, any part of which is competent, is the statement of the witness Joseph B. Magidson that neither he nor his brothers, Israel P. Magidson and Abraham Magidson, nor any one in his behalf, ever either ordered, instructed, or authorized any person or persons to procure, take or remove said sign, and that neither he nor his partners had ever given to any person or persons any paper or order directing or authorizing them to remove the said sign from Greenfield's premises.

The judgment of the Municipal Court will be reversed and a judgment of *nil capiat*, and for costs in both courts entered here in favor of the defendants.

*Reversed and judgment here.*